QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kristin N. Tahler (Bar No. 261908)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
kristentahler@quinnemanuel.com

*Attorneys for Respondent iRhythm Technologies, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>IRHYTHM TECHNOLOGIES, INC.,<br><br>    Respondent. | Civil Action No.: 3:24-cv-03967<br><br>**ADMINISTRATIVE MOTION TO SEAL GOVERNMENT'S PETITION FOR ORDER TO SHOW CAUSE AND APPLICATION FOR ENFORCEMENT OF ADMINISTRATIVE SUBPOENA (ECF NO. 1)** |

Pursuant to Civil Local Rules 7-11 and 79-5, Respondent iRhythm Technologies, Inc. ("iRhythm") submits this Administrative Motion to Seal Government's Petition for Order to Show Cause and Application for Enforcement of Administrative Subpoena (the "Petition") and exhibits thereto.  iRhythm requests that (1) pending the Court's decision on this Motion, the Court preliminarily seal the Petition and exhibits; and, thereafter, (2) the Court grant iRhythm's Motion. This Motion is based on the points and authorities herein and the accompanying Declaration of Kristin Tahler ("Tahler Decl.").

## I. INTRODUCTION

On July 1, 2024, the Government filed iRhythm's confidential commercial information, subject to protection under the Freedom of Information Act ("FOIA") and Ninth Circuit precedent, on the public docket *without notice to iRhythm or any opportunity to object*.  Tahler Decl. ¶ 8.  The Petition, curiously filed three days before a federal holiday after six months of silence from the Government as to its contentions regarding iRhythm's privilege assertions (the subject of the Petition), attaches correspondence and privilege logs free of redaction, despite iRhythm's clear notice that such materials are Highly Confidential and exempt FOIA disclosure.  The Government publicly filed this information without offering iRhythm the opportunity to object, to negotiate an appropriate protective order, or to provide this Court the opportunity to address iRhythm's position on the merits and necessitating this motion.  As such, iRhythm respectfully requests that this Court grant this Motion to Seal portions of the Petition and exhibits thereto.

## II. BACKGROUND

Following acceptance of service of the Government's administrative subpoena for documents and in the context of iRhythm's response to the Subpoena, the parties conferred regarding certain privilege designations and, on December 29, 2023, reached an impasse as to iRhythm's privilege assertions over the documents at issue in the Petition. Tahler Decl. ¶¶ 3-5.  Six months later, on Thursday, June 27, 2024, the Government requested to discuss "a time-sensitive matter related to iRhythm" with iRhythm's counsel.  Tahler Decl. ¶ 6.  The parties met the next day, and the Government explained that it planned to file a motion to compel, and provided iRhythm

1  until 3:00 pm Eastern on Monday, July 1, 2024 to advise the Government as to the Company's
2  position.  Tahler Decl. ¶ 7.  The Government stated that it planned to file its motion publicly, but it
3  failed *at any time before filing its motion* to provide notice that it intended to publicly file iRhythm's
4  confidential commercial information designated as confidential under FOIA Exemption 4—
5  including correspondence outlining the details of a confidential internal investigation that were
6  provided in good faith for the Government to assess the Company's privilege assertions, and
7  personal information, such as names, emails, and work-related activities, of both current and former
8  employees of iRhythm and third parties.[1]  *Id.*

## III.    DOCUMENTS TO BE SEALED

The Petition and exhibits thereto contain confidential commercial information or personally identifying information, or both.  *See* Tahler Decl. ¶ 9.  iRhythm has proposed surgical redactions for each document in the exhibits to this Motion.  The redaction requests are also outlined in the attached Proposed Order.

## IV.    LEGAL STANDARD

### A.    FOIA Exemption 4

"Pursuant to FOIA Exemption 4, an agency is prohibited from releasing information that includes 'commercial . . . information obtained from a person and [that is] . . . confidential.'" *Planned Parenthood of Great Nw. & Hawaiian Islands, Inc. v. Azar*, 352 F. Supp. 3d 1057, 1064 (W.D. Wash. 2018).  "[W]here commercial . . . information is both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy, the information is 'confidential' within the meaning of Exemption 4." *Food Marketing Institute v. Argus Leader Media*, 588 U.S. 427, 440 (2019).

When a party produces information to the Government in the context of an administrative subpoena and marks such information as "Highly Confidential" material exempt from FOIA disclosure, the party expects that before public disclosure, it will have an opportunity to explain why

---

[1] iRhythm contacted the Government to request that it move to seal the Petition and exhibits thereto to allow the parties to negotiate a protective order. After the Government declined, counsel asked if the Government would agree to seal the documents pending a decision on a forthcoming motion to seal. The Government again declined.

such information is protected from disclosure.  This expectation is well-founded in the Department of Justice's policy on the disclosure of Exemption 4 materials that the agencies should "seek the submitter's views" before public disclosure.  "[Exemption 4 after the Supreme Court's Ruling in *Food Marketing Institute v. Argus Leader Media*](#)," Dept. of Justice Office of Information Policy (Oct. 4, 2019); *see also* "[Step-by-Step Guide for Determining if Commercial or Financial Information Obtained from a Person is Confidential Under Exemption 4 of the FOIA](#)," Dept. of Justice Office of Information Policy (Nov. 18, 2022).

Courts have gone so far as to *deny a party's motion for a protective order as premature* when such protective order is requested to shield information produced in response to an administrative subpoena when there are assurances that the party would have a chance to avail itself of the protections of FOIA Exemption 4.  *See Solis v. Forever 21*, 2013 WL 1319769 at *7 (C.D. Cal. 2013).

### B.      Filing Documents Under Seal

When a party offers "'compelling reasons' to keep a court document under seal," courts may forgo "the general right to inspect and copy . . . judicial records and documents" because the interests of the private party in sealing the documents outweigh the "strong presumption in favor of access to court records."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095–96 (9th Cir. 2016).  The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks and citations omitted).  Further, "[r]ecords attached to non-dispositive motions are not subject to the strong presumption of access"; rather, non-dispositive motions, such as discovery motions, are subject to the lesser "good cause" standard, which "requires a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed."  *See Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2020 WL 597630, at *21 (N.D. Cal. Jan. 17, 2020).

## V. ARGUMENT

The Government's Petition and exhibits thereto contain information protected from disclosure under FOIA, the Federal Rules of Civil Procedure, and Ninth Circuit Precedent and portions should be sealed.

### A. The Petition and Exhibits Thereto Are Protected From Disclosure by FOIA.

Contrary to federal law and Government policy, as outlined above, the Government failed to provide iRhythm with notice that it intended to publicly file materials iRhythm provided in confidence. In correspondence and on its privilege logs, including those now publicly filed, iRhythm has requested that pursuant to FOIA Exemption 4 "the Department not enter this letter [and related materials]. . . into the public record and that this letter [and related materials] otherwise be protected from disclosure" because such materials contain confidential commercial information.

These documents disclose information "both customarily and actually treated as private"—specifically, a detailed account of the nature and predicate for a confidential, internal regulatory compliance investigation, the parties involved, and the company's response. iRhythm would not make such information publicly available including because competitors may seek to use such information to their advantage by disparaging iRhythm to its customers. Moreover, Exhibits 3 and 12 to the Petition—privilege logs produced to advise the Government of the nature and basis for iRhythm's claims of privilege—contain current and former employees and third parties' names and email addresses, and information about such individuals' work. iRhythm would also not make such information public as a matter of course because iRhythm seeks to protect the privacy interests of its employees and business partners, and does not reveal to competitors the nature of specific projects in which they are engaged. Accordingly, these materials are protected from public disclosure pursuant to FOIA Exemption 4, and the Court should seal portions of the Petition and Exhibits thereto.

### B. There is Good Cause to Seal Portions of the Petition and Exhibits.

The Federal Rules of Civil Procedure contemplate "that parties will meet in good faith to consider appropriate protections for documents to protect a party's information." *See generally* Fed.

1  R. Civ. P. 26(c).  Prior to submitting its Petition, the Government should have consulted with
2  iRhythm to safeguard confidential information. The Government failed to meet with or to notify
3  iRhythm, depriving it of an opportunity to object.

4  iRhythm need only establish good cause in order to seal its confidential information.  *See*
5  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) ("'[G]ood cause'
6  suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive
7  motions."); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("[F]or
8  sealed materials attached to a discovery motion unrelated to the merits of a case . . . a party need
9  only satisfy the less exacting 'good cause' standard."); Fed. R. Civ. P. 26(c).

10  The Petition and its accompanying exhibits contain confidential commercial information that
11  justify sealing. For example, the detailed findings from an internal investigation are at the heart of
12  the Petition. Courts in this district have determined that information relating to compliance efforts,
13  as this is, should be sealed.  *Allen v. City of Oakland*, 2012 U.S. Dist. LEXIS 170678, at *8-9 (N.D.
14  Cal. Nov. 28, 2012).

15  Disclosing this information has already harmed iRhythm competitively. Indeed, since the
16  filing  iRhythm's stock has dropped over 10% in just two days and the Petition has been cited in
17  third party analyst reports in assessing the cause of the decline. Courts have repeatedly found it
18  appropriate to seal documents that contain "business information that might harm a litigant's
19  competitive standing," as is the case here.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 590-99
20  (1978); *see also Nutratech, Inc. v. Syntech (SSPF) Intern., Inc.*, 242 F.R.D. 552, 555 (C.D. Cal.
21  2007).  Moreover, iRhythm's competitors or activist investors such as short sellers may exploit this
22  information to undermine iRhythm's reputation with its customers, which could manifest loss of
23  customer trust and loyalty, negative market position and revenue decline.  Tahler Decl. ¶ 11.  Thus,
24  good cause exists to seal portions of the Petition and exhibits thereto.

25  **VI.    CONCLUSION**

26  For the foregoing reasons, iRhythm respectfully requests that the Court grant iRhythm's
27  Administrative Motion to Seal.

28

1
2  DATED: July 3, 2024                           Respectfully Submitted,

3                                                QUINN EMANUEL URQUHART &
                                                 SULLIVAN, LLP
4
5
                                                  By */s/ Kristin N. Tahler*
6                                                    Kristin N. Tahler

7                                                   *Attorney for Respondent IRHYTHM
8                                                   TECHNOLOGIES, INC.*

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28