BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General, Civil Division
AMANDA N. LISKAMM
Director, Consumer Protection Branch
MAX J. GOLDMAN (NYBN 5304597)
Trial Attorney, Civil Division
United States Department of Justice

    450 5th Street, N.W.
    Washington, DC 20001
    Telephone: (202) 353-7664
    Email: max.j.goldman@usdoj.gov

Attorneys for Petitioner
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>IRHYTHM TECHNOLOGIES, INC.,<br><br>    Respondent. | Civil Action No. 3:24-cv-03967-AMO<br><br>**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO THE RESPONDENT'S MOTION TO SEAL GOVERNMENT'S PETITION FOR ORDER TO SHOW CAUSE AND APPLICATION FOR ENFORCEMENT OF ADMINISTRATIVE SUBPOENA (ECF NO. 4)** |

**TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................................................1

**II.  LEGAL STANDARD** .........................................................................................................1

    A.   The Compelling Reason Standard Applies ...............................................................1

    B.   FOIA Review is Inappropriate Here .........................................................................2

III. **ARGUMENT** .......................................................................................................................3

    A.   iRhythm Has Not Met Its Burden that Confidential Commercial Information Exists ..........................................................................................................................3

    B.   The Harm Identified by iRhythm Does Not Require Sealing this Material .........5

IV.  **CONCLUSION** ....................................................................................................................5

## I. INTRODUCTION

Just as iRhythm makes unfounded, expansive claims of privilege over the documents the United States subpoenaed in its investigation, iRhythm now makes equally sweepingly broad and baseless claims that the pleadings to hold it accountable for its contumacy ought to be sealed to be shielded from public view.  iRhythm's contention that the pleadings contain confidential information and personal identifiable information is simply untrue. The company seeks to conceal correspondence with the Government and entries on its privilege logs prepared by iRhythm's counsel.  All fall far outside the type of material that may be filed under seal under the Federal Rules, the Local Rules and this Court's precedent. Therefore, the Court should deny iRhythm's Administrative Motion to Seal Government's Petition for Order to Show Cause and Application for Enforcement of Administrative Subpoena. (ECF No. 4).

## II. LEGAL STANDARD

### A. The Compelling Reason Standard Applies

Although it should go without saying, the United States' Petition to remedy iRhythm's refusal to comply with a lawful pre-indictment investigative subpoena is not a discovery motion. Rather than being merely tangentially related to the merits, they are the central pillar of the Government's enforcement action and the "compelling reason" standard of review should apply. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).

The public has, and the "courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). When considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party attempting to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bears the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safet.*, 809 F.3d at 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79. In contrast, records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099. Parties moving to seal the documents

1  attached to such motions must meet the lower "good cause" standard of Rule 26(c).

2  iRhythm's assertion that the Government improperly filed the Petition and the attached exhibits
3  without the opportunity to object or negotiate an appropriate protective order is without merit. (ECF No.
4  4 at 4-5).  Aside from the fact that iRhythm misquotes Fed. R. Civ. P. 26(c), that federal rule of civil
5  procedure applies to motions for protective orders, not the enforcement of an administrative subpoena
6  issued in connection with a Department of Justice investigation.  Nothing under 18 U.S.C. § 3486(c)
7  obligates the Government to meet and confer with a party before seeking filing a petition to enforce a
8  subpoena.

9  Because the judicial record that iRhythm seeks to shield from public view is a Petition to Enforce
10  an Administrative Subpoena as part of an investigation into possible of federal healthcare violations and is
11  *not* a mere discovery dispute as iRhythm contends, the Court should apply the "compelling reasons"
12  standard. The Court's decision on the Government's Petition is not tangential to any dispute, it will be
13  dispositive of the entire action. As an initial pleading, the Petition here is akin to a complaint, which is due
14  the "compelling reasons standard." *See Parti v. Tricida*, No. 21-CV-00076-HSG, 2023 WL 6165694, at *2
15  (N.D. Cal. Sept. 21, 2023) ("Because the complaint is the pleading on which this action is based, the Court
16  applies the "compelling reasons" standard to these motions to seal").

17  Under the "compelling reasons" standard, a moving party must overcome the "strong presumption
18  in favor of access." *Kamakana* 447 F.3d at 1178 (9th Cir. 2006). Therefore, iRhythm must make a
19  "particularized showing" that "specific prejudice or harm will result" if the information is disclosed.
20  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).  Even if the
21  "good cause" standard applies, the Defendant's motion should be denied.

22  **B.     FOIA Review is Inappropriate Here**

23  iRhythm contends that this case should be governed by Exemption 4 to the Freedom of Information
24  Act ("FOIA").  But this is not a FOIA case.  FOIA exemption analysis deals only with FOIA requests, *not*
25  in how the Government may use those materials.  iRhythm identifies no authority for the proposition that
26  the FOIA exemptions—which set forth how the Government responds to requests for materials received
27  from members of the public—apply to the Government's own use of documents obtained pursuant to an
28  administrative subpoena in the furtherance of an investigation into possible federal healthcare violations.

iRhythm's citation to *Solis v. Forever 21*, 2013 WL 1319796 (C.D. Cal. 2013) is unavailing. In that case, the court denied the protective order because Forever 21, much like iRhythm here, could *not* identify any actual trade secrets confidential business information in the documents it intended to produce to the Government.

Finally, iRhythm's reliance on FOIA's exemptions to *prevent* disclosure of its documents is inapposite. FOIA's overarching purpose is to *permit* disclosure. *See Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976) (FOIA's "limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act."). Here, iRhythm's inexplicable reliance on a statute that has absolutely nothing to do with this action also would turn FOIA on its head.

## III. ARGUMENT

### A. iRhythm Has Not Met Its Burden that Personal Identifiable Information or Confidential Commercial Information Exists

The material that iRhythm seeks to maintain under seal under the guise of confidential commercial information and personal identifiable information ("PII") is an attempt to grow a narrow exception into a rule-swallowing leviathan.

Federal Rule of Civil Procedure 5.2 identifies four types of PII that should be redacted from public filings: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) minor's initials; (4) the last four digits of the financial-account number. Fed. R. Civ. P. 5.2(a). iRhythm does not contend that any of the information at issue is required to be redacted pursuant to Rule 5.2, or are trade secrets or the other categories of information that the Court has found appropriate for redaction. https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/.

No material in the Government's Petition and attached materials qualifies as confidential business information either. Courts in this Circuit have held that confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard for filing under seal. *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 3570000, at *2 (N.D. Cal. May 18, 2023) (citations omitted). iRhythm contends that the Petition contains confidential business information not within any of those judicially-recognized

1  categories, but rather "detailed findings from an internal investigation [that] are at the heart of the Petition".
2  (ECF No. 4 at 5).  But the argument is nonsensical. The Government filed the Petition and its attached
3  exhibits because iRhythm has *not* provided the "detailed findings from an internal investigation" to the
4  Government despite being responsive to the subpoena and not privileged.  The Government cannot include
5  detailed findings of an internal investigation that it does not have.

6  The contracts (and its terms) between iRhythm and any third party are neither attached nor disclosed
7  in the Petition and its exhibits. iRhythm has refused to even identity the scope of any agreement with the
8  organizations in question to the Government. The Petition and it attached exhibits only reference the names
9  of current and former employees and third-party agencies involved in an internal investigation. iRhythm's
10 reliance on *Allen v. City of Oakland*, No. 00-CV-04599 TEH NC, 2012 WL 5949619 (N.D. Cal. Nov. 28,
11 2012) is misplaced. There, the Court assessed documents under a "good cause" standard and allowed city
12 police department compliance *reports* to be filed under seal under a previous order that had already deemed
13 the reports to be sealable. *Id.* at *2. Here, the Government's Petition and exhibits merely reveal the
14 *existence* of an internal investigation and restates iRhythm's related representations to the Government.

15 In an effort to characterize that information as confidential commercial information, iRhythm
16 counsel's asserts that such material "reveals internal strategies and business practices and violates the
17 privacy interests of its employees and business partners."  (Dkt. 4-1 at ¶ 10).  This statement from
18 iRhythm's counsel, and not anyone in its business operations, merely professing that a document is
19 "confidential" does not denote that sealing is required, or even appropriate. *See Themis Bar Rev., LLC v.*
20 *Kaplan, Inc.*, No. 14CV208 L (BLM), 2015 WL 11822157, at *2 (S.D. Cal. May 28, 2015) (holding that
21 party's reliance on documents' designation as "confidential" to justify filing them under seal was
22 insufficient to meet "compelling reasons" standard). Thus, iRhythm's assertion along with generic
23 statements in its proposed order that each proposed redaction concern "confidential commercial
24 information that is sensitive, customarily treated as private, and was provided to the Government in
25 confidence", (Dkt. 4-26), should be summarily rejected for lacking particularity.

26 In *Loza v. Intel Ams., Inc.*, No. C 20-6705 WHA, 2022 WL 696510, at *1 (N.D. Cal. Feb. 13, 2022),
27 the court held that information from a complaining employee should not be sealed because counsel's
28 conclusory declaration that the information was a "proprietary records and information . . . [that] derive[d]

MEMORANDUM IN OPPOSITION TO RESPONDENT'S ADMINISTRATIVE MOTION TO SEAL
NO. 3:24-CV-03967-AMO                           4

value from not being generally known to the public, including information such as internal company strategy and brand standards" did not identify any internal company strategy or brand standards. Similarly, iRhythm points only to the fact that it derived some unspecified value from the internal investigation being unknown to the public. There is no other commercial benefit to iRhythm keeping this material out of the public sphere.

### B.  The Harm Identified by iRhythm Does Not Require Sealing this Material

The harm identified by iRhythm, competitor disparaging iRhythm to its customers, is precisely the type of harm that the Ninth Circuit Court of Appeals has found does not warrant sealing. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136). Furthermore, iRhythm does not articulate why the *sealed* materials pose any more of a risk to its business than the Petition's and its attached exhibits themselves.

Relatedly, iRhythm's anemic assertion that it has already suffered competitively because its stock price has declined since the filing of the Petition, as well as its doom-and-gloom predictions that shareholders may use public information in making investment decisions is irrelevant and unmoored to any law. Taking a not-so-distant logical leap under iRhythm's theory: if harm to a publicly traded company's stock price were deemed to be sufficient harm to order the sealing of documents, then *any* potential legal action against *any* publicly traded company would be subject to seal. That iRhythm has to reach for such attenuated, hypothetical harm evidences lays bare the weakness of its position.

Finally, the "surgical redactions", (ECF No. 4 at 2), iRhythm offers are gratuitously applied to banal details such as the names of its current and former employees and the date and time of entries on its privilege logs and are improper under Civil L.R. 79-5's requirement that the portions under seal be "narrowly tailored". Among the redacted information are names of third parties retained and references to years and the employment status of employees.

### IV.  CONCLUSION

For all the reasons stated above, the Government respectfully requests that the Court deny iRhythm Administrative Motion to Seal the Government's Petition for Order to Show Cause and Application for Enforcement of Administrative Subpoena.

1  DATED: July 6, 2024

Respectfully submitted,
AMANDA N. LISKAMM
Director, Consumer Protection Branch

_____
MAX J. GOLDMAN
Trial Attorney
Attorneys for Petitioner United States of America