QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kristin N. Tahler (Bar No. 261908)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
kristintahler@quinnemanuel.com

*Attorneys for Respondent iRhythm Technologies, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Petitioner,<br><br>v.<br><br>IRHYTHM TECHNOLOGIES, INC.,<br><br>　　Respondent. | Civil Action No.: 3:24-cv-03967<br><br>**iRHYTHM TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS ADMINISTRATIVE MOTION TO SEAL GOVERNMENT'S PETITION FOR ORDER TO SHOW CAUSE AND APPLICATION FOR ENFORCEMENT OF ADMINISTRATIVE SUBPOENA (ECF NO. 4)** |

## I. INTRODUCTION

The Government's Petition for Order to Show Cause and Application for Enforcement Of Administrative Subpoena (the "Petition") is, in no way, "akin to a complaint" that warrants application of the compelling reason standard. Opp. at 2. The Government's pre-indictment investigative subpoena is precisely that—an investigation tool. It is neither an indictment nor a decree that iRhythm has violated any federal regulations. The Government's Petition is a motion to compel discovery as it seeks to resolve a privilege dispute and compel production of documents; therefore, the good cause standard applies to the instant dispute over whether the documents at issue should be sealed in part. Nonetheless, iRhythm has met its burden under both the good cause and the compelling reason standards as it seeks to seal personally identifying information ("PII"), and to protect the privacy interests of third parties and the details of a confidential internal compliance investigation, disclosure of which may cause iRhythm competitive harm.[1]

## II. ARGUMENT

### A. The "Good Cause" Standard Applies to Discovery Motions

The Government does not (and cannot) explain how its Petition—effectively a motion to compel discovery—differs from other such motions where this Court has consistently afforded the good cause standard for sealing. *See WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (finding that "plaintiff's motion to compel discovery is only tangentially related to the merits and the good cause standard applies."); *Big Baboon, Inc. v. SAP Am., Inc.*, No. 17-CV-02082-HSG, 2021 WL 11728239, at *2 (N.D. Cal. Mar. 8, 2021) ("Because Defendant's motion to compel discovery is not a dispositive motion, the Court applies the lower good cause standard."); *Lyft, Inc. v. AGIS Software Dev. LLC*, No. 21-CV-04653-BLF, 2022 WL 1505879, at *1 (N.D. Cal. Apr. 7, 2022) ("Because Lyft's sealing motions relate to a motion to compel discovery . . . the Court finds that the 'good cause' standard applies."); *Ctr. for Auto Safety v. Chrysler Grp.,*

---

[1] As the Government readily admits, there is no ongoing litigation at issue in this dispute. The Government's Petition, albeit the entirety of the pending "case," is a transitory action, which further supports that the right of public access should be limited here.

*LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("The same good cause showing applies to 'discovery motion[s] unrelated to the merits of a case.'").

The Government's attempt to recast its discovery motion into a motion that is "dispositive of the entire action" is unavailing. The issue before the Court is one of privilege, and resolution of this privilege dispute simply does not bear on the merits of the underlying matter (here, a Government investigation). If the Court were to adopt the Government's apparent view, then any pre-litigation discovery dispute between the Government and a private party would automatically warrant application of the compelling reason standard, an outcome that cannot be squared with the nature of the Petition nor the purpose of *investigative* subpoenas more generally. Moreover, if the Government means to suggest that its investigation will conclude if it receives the privileged documents at issue, such suggestion is equally unpersuasive as it does not change the fact that the Petition is a motion to compel the production of documents—not a motion that resolves any issues of an underlying case. Indeed, there is no underlying "case" to resolve. Accordingly, the Court should reject the Government's claim that the compelling reason standard applies and instead apply the good cause standard to this routine discovery motion. However, as shown in its opening brief and below, iRhythm readily meets its burden under either standard.

**B.    Good Cause and Compelling Reasons Exist to Seal**

   1.    <u>This Court has Sealed Names and Email Addresses.</u>

The Government's narrow focus on the enumerated categories of PII under the Federal Rules of Civil Procedure is not only myopic, but it also fails to refute iRhythm's position. Federal Rule of Civil Procedure 5.2 is not a dispositive list and does not bar other categories of PII from sealing. *See generally* Fed. R. Civ. P. 5.2(a). Contrary to the Government's flip assertion that the personal contact information that iRhythm has proposed redacting, such as the names of current and former employees and third parties, and email addresses, are "banal details" that do not warrant redaction, courts in this district have consistently determined that such information meets *both* the good cause and compelling reason standards for sealing. *See Jones v. PGA Tour*, Inc., No. 22-CV-04486-BLF, 2023 WL 6545413, at *4 (N.D. Cal. Oct. 5, 2023) ("Email addresses constitute

confidential personal contact information for which there is good cause to seal."); *see also UnifySCC v. Cody*, No. 22-CV-01019-BLF, 2023 WL 7170265, at *1 (N.D. Cal. Oct. 30, 2023) ("[C]ourts have found compelling reasons to seal personally identifying information, such as names, addresses, phone numbers, and email addresses."); *Hernandez v. County of Monterey*, No. 13-cv-02354, 2023 WL 4688522, at *3–4 (N.D. Cal. July 21, 2023) (finding compelling reasons to seal email addresses and other personal contact information).[2] The same is true when such information appears in privilege logs. *See, e.g.*, *Shopify Inc. v. Express Mobile, Inc.*, No. 20-MC-80091-JSC, 2020 WL 4732334, at *11 (N.D. Cal. Aug. 14, 2020) ("[T]o the extent that individual [privilege log] entries list personal or identifying information of parties, including names and e-mail addresses, who are not involved with or incident to the current litigation where disclosure of the information would violate a party's legitimate privacy interest good cause exists to seal this identifying information.").

As such, iRhythm's request to seal portions of its privilege log entries that include personal contact information, including the names and email addresses of former and current iRhythm employees, employees of third-party research institutions, and physicians should be granted.

        2.    <u>This Court has Sealed Information About Confidential Compliance Efforts.</u>

The Government's attempt to limit the permissible categories of confidential business information from a single case that it selectively cites is misplaced. While "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" are indeed examples of confidential business information that meet both the good cause and compelling reason standards for sealing, this is not an exhaustive list. Even if it were, iRhythm's internal regulatory compliance investigation falls within the "business strategy" category. *See Zogenix, Inc. v. Fed. Ins. Co.*, 2022 WL 3908529, at *1 n.1 (N.D. Cal. May 26, 2022) (granting request to seal "internal

---

[2] Moreover, the names and email addresses of the third parties here are irrelevant to any material issue in the Petition or the Government's overall investigation, which further warrants sealing. *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (reasoning that the information sought to be sealed had "little or no relevance to any material issue in this case" and, therefore, found "that the privacy interests in this personal information outweigh[] the public's right to access."); *see also UnifySCC*, 2023 WL 7170265, at *1 ("[T]he personally identifying information is not material to the motion []. Thus, the Court finds compelling reasons to seal the personally identifying information . . . .").

conversations" about corporate "decision-making process" in connection with summary judgment motion); *Pinnacle Ventures LLC v. Bertelsmann Educ. Servs.*, 2018 WL 11392741, at 1 (N.D. Cal. Aug. 1, 2018) (granting sealing of "internal governance procedures and corporate details" under compelling reasons standard).

Significantly, courts in this Circuit have determined that internal compliance investigations meet the compelling reason standard for sealing. *Benanav v. Healthy Paws Pet Ins. LLC*, No. 2:20-CV-00421-LK, 2023 WL 8648962, at *7 (W.D. Wash. Dec. 14, 2023) (finding compelling reason to seal documents that "reflect[] competitively sensitive business information regarding audits performed on Healthy Paws' business operations and regulatory compliance efforts[.]"); *see also Edwards Lifesciences Corp. v. Meril Life Scis. PVT. Ltd.*, No. 19-CV-06593-HSG, 2020 WL 6118533, at *11 (N.D. Cal. Oct. 16, 2020) (finding compelling reason to seal document concerning the defendant's "regulatory strategies"); *United States ex rel. Ruhe v. Masimo Corp.*, No. 10-cv-08169-CJC(VBKx), 2013 WL 12131173, at *2 (C.D. Cal. Aug. 26, 2013) (internal research studies and clinical tests for developing the accused device, and non-public data submitted to the FDA in the course of regulatory approval, were "confidential, proprietary, and [ ] valuable").[3]

Contrary to the Government's assertion that iRhythm failed to articulate a competitive threat, iRhythm explained that compliance investigations are particularly sensitive and could be exploited by competitors in the marketplace. iRhythm even cited the immediate negative impact the disclosure of the investigation may have had on its stock price. Such competitive harm warrants sealing because the presumption of public access is not absolute, and courts "must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Kumandan v. Google LLC*, 2022 WL 18399568, at *1 (N.D. Cal. Dec. 20, 2022) (citing *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013)).

---

[3] Further, the Government mischaracterizes the holding in *Loza v. Intel Americas, Inc.*, No. C 20-6705 WHA, 2022 WL 696510, at *2 (N.D. Cal. Feb. 13, 2022). There, the court found that the employee complaint should not be sealed because the "vast majority of the document concern[ed] the personnel drama at the tradeshow and ha[d] nothing to do with internal company strategy" and that the defendant failed to "specifically identify the information in the document that supposedly constitute[d] proprietary company strategy." In contrast, here, iRhythm has specifically identified the information that relates to its confidential, internal, compliance investigation.

Accordingly, iRhythm's request to seal portions of the documents at issue that contain information related to its confidential internal compliance investigation should be granted.

### C.  FOIA Exemption 4 Affords an Assurance of Confidentiality

The Government's argument to ignore the protections afforded by FOIA's Exemption 4 would render any assurance of confidentiality meaningless and effectively nullify the exemption. "FOIA expressly recognizes that 'important interests [are] served by [its] exemptions,' and '[t]hose exemptions are as much a part of [FOIA's] purpose[s and policies] as the [statute's disclosure] requirement.'" *Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 439 (2019) (internal citations omitted). An implied assurance of confidentiality can be inferred from "the context in which the information was provided to the government." "Exemption 4 after the Supreme Court's Ruling in Food Marketing Institute v. Argus Leader Media," Dept. of Justice Office of Information Policy (Oct. 4, 2019). And, when, "at the time the information was submitted" there were no "express or implied indications" that "the government would publicly disclose the information," Department policy states that "a submitter's practice of keeping the information private will be sufficient to warrant confidential status." "Step-by-Step Guide for Determining if Commercial or Financial Information Obtained from a Person is Confidential Under Exemption 4 of the FOIA," Dept. of Justice Office of Information Policy (Nov. 18, 2022).

Here, iRhythm provided confidential information to the government in the context of cooperation with an investigative subpoena. At no point prior to disclosure did the Government notify iRhythm of its intent to publicly disseminate any of iRhythm's communications or documents. The purpose of FOIA exemptions, Department policy, and the context in which iRhythm provided confidential information to the Government militate against disclosure, and the Government's argument to the contrary should be given little weight.

### III.  CONCLUSION

For the foregoing reasons, iRhythm respectfully requests that the Court grant iRhythm's Administrative Motion to Seal.

DATED: July 7, 2024                    Respectfully Submitted,

                                          QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                     By */s/ Kristin N. Tahler*
                                            Kristin N. Tahler
                                            Attorney for Respondent IRHYTHM TECHNOLOGIES, INC.