QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kristin N. Tahler (Bar No. 261908)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
kristintahler@quinnemanuel.com

*Attorneys for Respondent iRhythm Technologies, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Petitioner,<br><br>v.<br><br>IRHYTHM TECHNOLOGIES, INC.,<br><br>　　Respondent. | Civil Action No.: 3:24-cv-03967-AMO<br><br>**IRHYTHM'S ADMINISTRATIVE MOTION TO SEAL** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, iRhythm Technologies, Inc. ("iRhythm") hereby submits this Administrative Motion to Seal and requests that the Court seal portions of the documents identified herein. This motion provides detailed information in support of iRhythm's request for an order sealing the portions of documents identified herein. This motion is also supported by the accompanying Declaration of Kristin Tahler.

This Administrative Motion pertains to confidential commercial information and personally identifiable information contained in Respondent's Opposition to Petition For Order To Show Cause and Application For Enforcement of Administrative Subpoena ("Opposition") (Dkt. No. 16), accompanying declarations, including the Declaration of Mark Day (Dkt. No. 16-1) and Declaration of Kristin Tahler (Dkt. No. 16-2). iRhythm has highlighted the information contained therein that should be sealed in an unredacted copy filed provisionally under seal.

## II. LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own information under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, include evidentiary support from a declaration where necessary, and provide a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 & n.7 (1978)). In the Ninth Circuit, two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). "To seal records in connection with a 'dispositive' motion or a motion that 'more than tangentially relate[s] to the merits of a case,' 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure' are required." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (quoting

-2-                                       Case No. 3:24-cv-03967-AMO
                                                IRHYTHM'S ADMINISTRATIVE MOTION TO SEAL

*Kamakana*, 447 F.3d at 1178-79). "A particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c), however, suffices to warrant sealing in connection with a non-dispositive motion." *Id.*

### III.     THE COURT SHOULD SEAL IRHYTHM'S CONFIDENTIAL INFORMATION

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 590-99 (1978). Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted). For example, "courts have consistently found confidential, forward-looking business strategy presents a compelling reason to seal." *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-CV-01305-BAS-DDL, 2023 WL 7029210, at *4 (S.D. Cal. Oct. 24, 2023).

The material iRhythm requests for sealing satisfies both the good cause and compelling reasons standards, as appropriate, and as outlined below.

### A.     iRhythm's Confidential Commercial Information Warrants Sealing

iRhythm requests that the Court seal the identified portions of the documents that contain sensitive and confidential regulatory and compliance details. Tahler Decl. ¶ 6. Courts in this Circuit have determined that internal compliance discussions meet the compelling reason standard for sealing. *Benanav v. Healthy Paws Pet Ins. LLC*, No. 2:20-CV-00421-LK, 2023 WL 8648962, at *7 (W.D. Wash. Dec. 14, 2023) (finding compelling reason to seal documents that "reflect[] competitively sensitive business information regarding audits performed on Healthy Paws' business operations and regulatory compliance efforts[.]"); *see also Edwards Lifesciences Corp. v. Meril Life Scis. PVT. Ltd.*, No. 19-CV-06593-HSG, 2020 WL 6118533, at *11 (N.D. Cal. Oct. 16, 2020)

(finding compelling reason to seal document concerning the defendant's "regulatory strategies"); *United States ex rel. Ruhe v. Masimo Corp.*, No. 10-cv-08169-CJC(VBKx), 2013 WL 12131173, at *2 (C.D. Cal. Aug. 26, 2013) (internal research studies and clinical tests for developing the accused device, and non-public data submitted to the FDA in the course of regulatory approval, were "confidential, proprietary, and [ ] valuable"); *Allen v. City of Oakland*, 2012 U.S. Dist. LEXIS 170678, at *8-9 (N.D. Cal. Nov. 28, 2012).

On July 1, 2024, the Government filed iRhythm's confidential commercial information, which iRhythm had requested be exempt from disclosure under the Freedom of Information Act ("FOIA") when originally provided to the Government, on the public docket without notice to iRhythm or any opportunity to object. Tahler Decl. ¶ 3. As described in iRhythm's prior sealing motions, Dkt. Nos. 5; 7, disclosure of this information has already harmed iRhythm competitively. Indeed, when the information was published in the Government's Petition to Enforce, iRhythm's stock dropped over 10% in just two days. Tahler Decl. ¶ 5. Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing," as is the case here. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 590-99 (1978); *see also Nutratech, Inc. v. Syntech (SSPF) Intern., Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007). Moreover, iRhythm's competitors and activist investors have already shown an interest in such material and may use the same to continue efforts at exploiting the information to undermine iRhythm's reputation with its customers and engender a loss of customer trust and loyalty, a negative market position, and revenue decline. Tahler Decl. ¶ 8. Thus, compelling reasons exist to seal the portions of the documents identified by iRhythm.

**B.     Personally Identifiable Information Warrants Sealing**

In order to prevent potential harm and maintain the privacy of the individuals involved, the Court should seal the name of former iRhythm employees involved in and third-party consultants hired by iRhythm in connection with a confidential internal investigation. *See Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) ("This Court has found compelling reasons to seal personally identifiable information."); *Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding

compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses").

## IV. CONCLUSION

For the foregoing reasons, iRhythm respectfully requests that the Court grant iRhythm's Administrative Motion to Seal.

DATED: August 16, 2024.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Kristin Tahler*

Kristin Tahler
*Attorneys for iRhythm Technologies, Inc.*