BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General, Civil Division
AMANDA N. LISKAMM
Director, Consumer Protection Branch
MAX J. GOLDMAN (NYBN 5304597)
Trial Attorney, Civil Division
United States Department of Justice

    450 5th Street, N.W.
    Washington, DC 20001
    Telephone: (202) 353-7664
    Email: max.j.goldman@usdoj.gov

Attorneys for Petitioner
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>  v.<br><br>IRHYTHM TECHNOLOGIES, INC.,<br><br>    Respondent. | Civil Action No. 3:24-cv-03967-AMO<br><br>**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO THE RESPONDENT'S MOTION TO SEAL (ECF NO. 17)** |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. **LEGAL STANDARD** .........................................................................................................1

    A. The Compelling Reason Standard Applies ..............................................................1

III. ARGUMENT .........................................................................................................................2

    A. iRhythm Has Not Met Its Burden that Personal Identifiable Information or Confidential Commercial Information Exists ..........................................................2

    B. The Harm Identified by iRhythm Does Not Require Sealing this Material ............4

IV. CONCLUSION ......................................................................................................................4

## I. INTRODUCTION

iRhythm's contention that its brief and the accompanying exhibits contain confidential information and personal identifiable information is simply untrue. Nearly 24 hours after filing its redacted brief and associated Administrative Motion to Seal, iRhythm provided unredacted copies to the Government and like its prior administrative motion to seal that the Court has not yet ruled on, (ECF No. 4), iRhythm is not entitled to seal the mundane and basic facts that it proposes to redact and seal in its response brief to the Government's petition.

The company seeks to conceal the identities of its employees and third parties it retained to conduct an audit. The confidential commercial information runs the gamut of benign materials from broad undetailed subject areas of previous audit to dates of emails. These details fall far outside the type of material that may be filed under seal under the Federal Rules, the Local Rules and this Court's precedent. Therefore, the Court should deny iRhythm's Administrative Motion to Seal. (ECF No. 17).

## II. LEGAL STANDARD

### A. The Compelling Reason Standard Applies

Although it should go without saying, the instant briefing will be dispositive to this matter. Therefore, the "compelling reason" standard of review should apply. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).

The public has, and the "courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). When considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party attempting to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bears the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safet.*, 809 F.3d at 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79.

Because the Court's decision on the Government's Petition is not tangential to any dispute, it will

be dispositive of the entire action. As an initial pleading, the Petition here is akin to a complaint, which is due the "compelling reasons standard." *See Parti v. Tricida*, No. 21-CV-00076-HSG, 2023 WL 6165694, at *2 (N.D. Cal. Sept. 21, 2023) ("Because the complaint is the pleading on which this action is based, the Court applies the "compelling reasons" standard to these motions to seal").

Under the "compelling reasons" standard, a moving party must overcome the "strong presumption in favor of access." *Kamakana* 447 F.3d at 1178 (9th Cir. 2006). Therefore, iRhythm must make a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Even if the "good cause" standard applies, the Defendant's motion should be denied.

## III.  ARGUMENT

### A.  iRhythm Has Not Met Its Burden that Personal Identifiable Information or Confidential Commercial Information Exists

The material that iRhythm seeks to maintain under seal under the guise of confidential commercial information and personal identifiable information ("PII") is not applicable for narrow exception under the Federal Rules and this Court's precedent.

Federal Rule of Civil Procedure 5.2 identifies four types of PII that should be redacted from public filings: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) minor's initials; (4) the last four digits of the financial-account number. Fed. R. Civ. P. 5.2(a). iRhythm does not contend that any of the information at issue is required to be redacted pursuant to Rule 5.2, or are trade secrets or the other categories of information that the Court has found appropriate for redaction. https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/.

The PII that that iRhythm cites is *not* the type of PII that any federal or local rule considers to be PII. The cases cited by iRhythm in its opposition brief show that this is the type of information that courts regularly use in the public domain. *See Todd v. STARR Surgical Co.*, CV1405263MWFRZX, 2015 WL 13388227, at *5 (C.D. Cal. Aug. 21, 2015) (naming law firms that a pharmaceutical company retrained).

No material in the Respondent's Brief qualifies as confidential business information either. Courts in this Circuit have held that confidential business information in the form of "license agreements, financial

1 terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard for filing under seal. *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 3570000, at *2 (N.D. Cal. May 18, 2023) (citations omitted). iRhythm contends that its Brief "contains[]s sensitive and confidential regulatory and compliance details" concerning an internal compliance audit. (ECF No. 17-1 at 3). The details contained in the brief are barebones recitals of what a compliance audit is and its existence. At no point is there any information that was discussed in any of the three audits reports. Among the information that iRhthym seeks to redact in its Brief: (1) Dates when conversations occurred; (2) identities of law firms; (3) identities of third-party consultants; (4) the overly broad benign description of work conducted by the third-party consultants.

iRhythm states in a conclusory fashion that the mere existence of an audit and the enormously vague work conducted in connection with it is confidential commercial information because it contains "sensitive and confidential regulatory information." But this is not true. The cases that iRhythm cites do not stand for that proposition either. In both of the cases that iRhythm relies on, *Benanev v. Healthy Paws Pet Ins. LLC*, No. 2:20-CV-00421-LK, 2023 WL 8648962, at *7 (W.D. Wash. Dec. 14, 2023), and *Edwards Lifesciences Corp v. Meril Life Scis. PVT. Ltd.*, No. 10-CV-06593-HSG, 2020 WL 6118533, at *11 (N.D. Cal. Oct. 16, 2020), each court held that *documents* and *conclusions* containing internal compliance audit results or strategy satisfied the compelling purpose standard, not vague allusions that would be boiler-plate on any privilege log. iRhythm's reliance on *Allen v. City of Oakland*, No. 00-CV-04599 TEH NC, 2012 WL 5949619 (N.D. Cal. Nov. 28, 2012) is similarly misplaced. There, the Court assessed *documents* under a "good cause" standard and allowed city police department compliance *reports* to be filed under seal under a previous order that had already deemed the reports to be sealable. *Id.* at *2.

Furthermore, the above statement from iRhythm's counsel, and not anyone in its business operations, merely professing that a document is "confidential" does not denote that sealing is required, or even appropriate. *See Themis Bar Rev., LLC v. Kaplan, Inc.*, No. 14CV208 L (BLM), 2015 WL 11822157, at *2 (S.D. Cal. May 28, 2015) (holding that party's reliance on documents' designation as "confidential" to justify filing them under seal was insufficient to meet "compelling reasons" standard). Thus, iRhythm's assertion that information that "iRhythm maintains as confidential in the ordinary course of its business and is not generally known to the public or iRhythm's competitors" (Dkt. 17-2 at ¶ 6) should be summarily

rejected for lacking particularity.

In *Loza v. Intel Ams., Inc.*, No. C 20-6705 WHA, 2022 WL 696510, at *1 (N.D. Cal. Feb. 13, 2022), the court held that information from a complaining employee should not be sealed because counsel's conclusory declaration that the information was a "proprietary records and information . . . [that] derive[d] value from not being generally known to the public, including information such as internal company strategy and brand standards" did not identify any internal company strategy or brand standards. Similarly, iRhythm points only to the fact that it derived some unspecified value from the internal investigation being unknown to the public. There is no other commercial benefit to iRhythm keeping this material out of the public sphere.

### B.   The Harm Identified by iRhythm Does Not Require Sealing this Material

The harm identified by iRhythm, (1) a competitor disparaging iRhythm to its customers (2) the decline of its stock is precisely the type of harm that the Ninth Circuit Court of Appeals has found does not warrant sealing. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136). Furthermore, iRhythm does not articulate why the *sealed* materials pose any more of a risk to its business than the unsealed allegations.

Relatedly, iRhythm's absurd assertion that it has already suffered competitively because its stock price declined in the aftermath of the Petition, as well as its predictions that shareholders may use public information in making investment decisions is irrelevant and unmoored to any law. Taking a not-so-distant logical leap under iRhythm's theory: if harm to a publicly traded company's stock price were deemed to be sufficient harm to order the sealing of documents, then *any* potential legal action against *any* publicly traded company would be subject to seal. That iRhythm has to reach for such attenuated, hypothetical harm lays bare the weakness of its position.

### IV.   CONCLUSION

For all the reasons stated above, the Government respectfully requests that the Court deny iRhythm Administrative Motion to Seal the Government's Petition for Order to Show Cause and Application for Enforcement of Administrative Subpoena.

| | | |
|---|---|---|
| 1 | DATED: August 20, 2024 | Respectfully submitted, |
| 2 | | AMANDA N. LISKAMM |
| | | Director, Consumer Protection Branch |
| 3 | | |
| 4 | | _____ |
| 5 | | MAX J. GOLDMAN |
| | | Trial Attorney |
| 6 | | Attorneys for Petitioner United States of America |