QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kristin N. Tahler (Bar No. 261908)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
kristintahler@quinnemanuel.com

*Attorneys for Respondent iRhythm Technologies, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>IRHYTHM TECHNOLOGIES, INC.,<br><br>    Respondent. | Civil Action No.: 3:24-cv-03967-AMO<br><br>**iRHYTHM TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS ADMINISTRATIVE MOTION TO SEAL (ECF NO. 17)** |

## I. INTRODUCTION

The Government's unrelenting Opposition (Dkt. No. 18) to sealing is revealing and deeply troubling. iRhythm, mindful of the general presumption of access and the standard for sealing, deliberately filed a motion seeking to seal a narrow subset of information squarely appropriate for sealing, such as the names of a whistleblower and employees involved in the Company's subsequent investigation. The Government cries foul, purportedly in light of the public's right to access. But that sanctimonious claim is readily dismissed where, as, here, the information is personal and identifying and of the type routinely redacted from public view. Indeed, public access should be of no moment for the Government in this bespoke proceeding where the Government has access to the very information it claims must be unsealed. There must be more to the story.

Unfortunately, the unavoidable explanation is that the Government is continuing its campaign to leverage these proceedings to exert pressure on iRhythm in the marketplace and to assist the civil plaintiffs.[1] This improper strategy has been apparent from the first filing, where the Government brazenly filed reams of iRhythm information marked as FOIA confidential bare for all to see. The timing was deliberate and exceedingly suspect as that filing (now locked) was accessed by the civil plaintiffs and used in their shortly-thereafter filed amended civil complaint. *See Glazing Emps. & Glaziers Union Loc. #27 Pension & Ret. Fund v. iRhythm Techs., Inc.*, No. 3:24-cv-706-JSC (N.D. Cal. filed Feb. 15, 2024), Dkt. No. 36. The collaborative strategy is disappointing and should not be rewarded.

The Government's opposition may be rejected for improper tactics, but it also falls far short on substance. First, the Government argues that the "compelling reason" standard applies. Not so. The Petition is akin to a garden variety motion to compel discovery where "good cause" applies. Second, iRhythm has met its burden under both the good cause and the compelling reason standards because it showed that the surgical proposed redactions are necessary to seal personally identifying information ("PII"), and to protect the privacy interests of third parties and the details of a

---

[1] Notably, the civil plaintiffs have advised that they will again amend their complaint. Declaration of Kristin Tahler, filed concurrently herewith ("Tahler Decl."), at 2. It is no coincidence the plaintiffs advised counsel for iRhythm of this intent to amend less than two hours after the Government filed its Opposition.

confidential internal compliance investigation, disclosure of which may cause iRhythm competitive harm. The Motion to Seal should be granted.

## II.     ARGUMENT
### A.     The "Good Cause" Standard Applies to Discovery Motions.

The Government's reasoning of whether its petition is technically "dispositive" is superficial and fails when scrutinized. The Ninth Circuit has held "that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).[2] Rather, "public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id.*; *see also id.* at 1099-1100 (explaining that the weight given to the presumption of access is different for certain documents that play a "'negligible role in performance of Article III duties . . . such as those passed between the parties in discovery,' which lie 'beyond the presumption's reach'" and documents central to "determining the litigants' substantive rights" (internal citation omitted)).

First, there is no "case" here. While it is true that the Government's Petition is a one-off motion, it is not the type of motion contemplated by the rules to warrant the compelling reason standard.[3] *See, e.g.*, *id.* at 1100 (finding preliminary injunctions, *Daubert* motions, and summary judgment motions as more than tangentially related to the merits of the case). Regardless of how the Government attempts to dress it up, the Petition is effectively a motion to compel—a *transitory* motion to compel, at that—and should be treated as such when considering sealing. *See, e.g.*, *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (finding that "plaintiff's motion to compel discovery is only tangentially related to the merits and the good cause standard applies."); *Lyft, Inc. v. AGIS Software Dev. LLC*, No. 21-CV-04653-BLF, 2022 WL 1505879, at *1 (N.D. Cal. Apr. 7, 2022) ("Because Lyft's sealing motions relate to a motion to

---

[2]  The Government cites to *Chrysler* to support its argument that the Petition should be subjected to the compelling reason standard simply because it is "dispositive," yet *Chrysler* explicitly rejects such a rigid, black-and-white approach.

[3]  The Government also mislabeled its Petition as a "Civil Action." The proper category for such a motion is "Miscellaneous Action." *See, e.g.*, *United States of America v. The State of California et al*, 3:18CV02868, Dkt. No. 3 (converting "case type CV to case type MC because the incorrect case type was used at opening" for a petition to enforce administrative subpoena).

compel discovery . . . the Court finds that the 'good cause' standard applies."); *Chrysler*, 809 F.3d at 1097 (finding that the good cause showing applies to "'discovery motion[s] unrelated to the merits of a case.'").[4] Nonetheless, iRhythm readily meets its burden under either the good cause or compelling reason standard.

### B. Good Cause and Compelling Reasons Exist That Warrant Sealing.

The Government's insistence that this Court ignore binding case precedent and instead fixate on a non-dispositive list of sealable PII from the Federal Rules is illogical. Even with the benefit of the cases provided in iRhythm's first reply in support of its motion to seal, the Government, once again, brazenly misrepresents the law in its Opposition. *See* Dkt. No. 5. The Government's position that the "identities of [iRhythm's] employees and third parties … fall far outside the type of material that may be filed under seal" outright ignores the cases—that it is well aware of—where courts in this district have found that this information ***is the very type*** of information that may be filed under seal. *See, e.g.*, *Jones v. PGA Tour*, Inc., No. 22-CV-04486-BLF, 2023 WL 6545413, at *4 (N.D. Cal. Oct. 5, 2023) ("Email addresses constitute confidential personal contact information for which there is good cause to seal."); *UnifySCC* , 2023 WL 7170265, at *1 ("[C]ourts have found compelling reasons to seal personally identifying information, such as names, addresses, phone numbers, and email addresses."); *Hernandez v. Cnty. of Monterey*, No. 13-CV-02354, 2023 WL 4688522, at *3–4 (N.D. Cal. July 21, 2023) (finding compelling reasons to seal email addresses and other personal contact information). Thus, this information is not only sealable, but courts in this district have consistently determined that personal contact information, such as the names of current and former employees and third parties, meets both the good cause and compelling reason standards for sealing. *See id*. iRhythm's request to seal the names of former employees and third parties should

---

[4] Moreover, the information iRhythm seeks to seal is irrelevant to the material issue of privilege, which further warrants sealing. *See Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (reasoning that the information sought to be sealed had "little or no relevance to any material issue in this case" and, therefore, found "that the privacy interests in this personal information outweigh[] the public's right to access."); *see also UnifySCC v. Cody*, No. 22-CV-01019-BLF, 2023 WL 7170265, at *1 (N.D. Cal. Oct. 30, 2023) ("[T]he personally identifying information is not material to the motion []. Thus, the Court finds compelling reasons to seal the personally identifying information . . . .").

1   be granted.

2   The Government's attempt to limit the permissible categories of confidential business
3   information from a single case that it selectively cites misses the mark. While "license agreements,
4   financial terms, details of confidential licensing negotiations, and business strategies" are indeed
5   examples of confidential business information that meet both the good cause and compelling reason
6   standards for sealing, this is not an exhaustive list. Even if it were, iRhythm's internal regulatory
7   compliance investigation falls within the "business strategy" category. *See Zogenix, Inc. v. Fed. Ins.*
8   *Co.*, No. 4:20-CV-06578-YGR, 2022 WL 3908529, at *1 n.1 (N.D. Cal. May 26, 2022) (granting
9   request to seal "internal conversations" about corporate "decision-making process" in connection
10  with summary judgment motion); *Pinnacle Ventures LLC v. Bertelsmann Educ. Servs.*, No. 18-CV-
11  03412-BLF, 2018 WL 11392741, at 1 (N.D. Cal. Aug. 1, 2018) (granting sealing of "internal
12  governance procedures and corporate details" under compelling reasons standard).

13  The Government also misses the mark in its argument that sealing is not required because
14  iRhythm did not include details of its internal compliance audit; to be clear, it did not do so ***because***
15  ***those details are privileged***. iRhythm's entire investigation at issue is confidential, including the
16  existence of the investigation, and should be sealed. Courts in this Circuit have determined that
17  internal compliance investigations meet the compelling reason standard for sealing. *See, e.g.*,
18  *Benanav v. Healthy Paws Pet Ins. LLC*, No. 2:20-CV-00421-LK, 2023 WL 8648962, at *7 (W.D.
19  Wash. Dec. 14, 2023) (finding compelling reasons to seal documents that "reflect[] competitively
20  sensitive business information regarding audits performed on Healthy Paws' business operations
21  and regulatory compliance efforts[.]"); *see also Edwards Lifesciences Corp. v. Meril Life Scis. PVT.*
22  *Ltd.*, No. 19-CV-06593-HSG, 2020 WL 6118533, at *11 (N.D. Cal. Oct. 16, 2020) (finding
23  compelling reason to seal document concerning the defendant's "regulatory strategies"); *United*
24  *States ex rel. Ruhe v. Masimo Corp.*, No. 10-CV-08169-CJC(VBKx), 2013 WL 12131173, at *2
25  (C.D. Cal. Aug. 26, 2013) (internal research studies, clinical tests, and non-public data submitted to
26  the FDA in the course of regulatory approval, were "confidential, proprietary, and [ ] valuable").[5]

27  ---
28  [5] Further, the Government, once again, mischaracterizes the holding in *Loza v. Intel Americas, Inc.*, No. C 20-6705 WHA, 2022 WL 696510, at *2 (N.D. Cal. Feb. 13, 2022). There, the court

Moreover, contrary to the Government's assertion that iRhythm failed to articulate a competitive threat to having its confidential information disclosed to the public, iRhythm explained that compliance investigations are particularly sensitive and could be exploited by competitors in the marketplace. *See, e.g.*, Dkt. Nos. 4; 6. The Government's argument that iRhythm's position would lead to sealing "*any* potential legal action against *any* publicly traded company" is self-serving hyperbole far from what iRhythm is actually arguing. First, the Government appears to forget that here, there is no legal action pending. Second, iRhythm is only seeking to seal portions of filings related to a confidential compliance investigation, not the entirety of the Government's motion to compel privileged documents. Finally, iRhythm requested that this information be protected from disclosure under FOIA and never should have been public for shareholder use in the first place. The proven likelihood of competitive harm warrants sealing because the presumption of public access is not absolute, and courts "must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Kumandan v. Google LLC*, No. 19-CV-04286-BLF, 2022 WL 18399568, at *1 (N.D. Cal. Dec. 20, 2022).[6]

The Government has everything it needs to try and compel iRhythm to disclose privileged information, rending this entire exercise about something else–strategically seeking to harm iRhythm through public view and shareholder litigation. That the Government finds this additional thumb on the scale necessary is telling, but this effort is unavailing. Disclosure of the information it seeks is contrary to caselaw in this Circuit as shown herein. The Government's transparent tactics should not be rewarded. iRhythm's request to seal portions should be granted.

## III.  CONCLUSION

For the foregoing reasons, iRhythm respectfully requests that the Court grant its Motion.

---

found that the employee complaint should not be sealed because the "vast majority of the document concern[ed] the personnel drama at the tradeshow and ha[d] nothing to do with internal company strategy" and that the defendant failed to "specifically identify the information in the document that supposedly constitute[d] proprietary company strategy." In contrast, here, iRhythm has specifically identified the information that relates to its confidential, internal, compliance investigation.

[6] The Government attempts to create a rule that attorney declarations are insufficient for sealing. No such limitation exists. Further, to support this, the Government cites to a case where the party attempted to seal *only* on the basis that the document was marked confidential during production. That is not the case here. iRhythm has detailed the proven competitive harm that warrants sealing.

| | |
|---|---|
| DATED: August 23, 2024 | Respectfully Submitted, |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By: */s/ Kristin N. Tahler* <br> Kristin N. Tahler <br> *Attorney for Respondent iRhythm Technologies, Inc.* |