BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General, Civil Division
AMANDA N. LISKAMM
Director, Consumer Protection Branch
MAX J. GOLDMAN (NYBN 5304597)
Trial Attorney, Civil Division
United States Department of Justice

    450 5th Street, N.W.
    Washington, DC 20001
    Telephone: (202) 353-7664
    Email: max.j.goldman@usdoj.gov

Attorneys for Petitioner
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Action No. 3:24-cv-03967-AMO |
| Petitioner, | |
| v. | **GOVERNMENT'S OBJECTION TO RESPONDENT'S FILING OF A REPLY IN SUPPORT OF ITS ADMINISTRATIVE MOTION TO SEAL (NO. 19)** |
| IRHYTHM TECHNOLOGIES, INC., | |
| Respondent. | |

    Petitioner, the United States of America, objects to Respondent's Reply in Support of Its Administrative Motion to Seal filed on August 23, 2024, Dkt. No. 19, and the attached declaration from counsel, on the grounds that the submission violates Civil L.R. 7-11. This is the second time that counsel for iRhythm has improperly filed a reply to an administrative motion to seal. *See* Dkt. No. 6.

    On August 16, iRhythm filed its Opposition to the Petition for Order to Show Cause and Application for Enforcement of Administrative Subpoena ("Brief") with certain sections under seal. (ECF No. 16). In connection with its Brief, iRhythm also included an Administrative Motion to Seal parts of its Brief. (Dkt

No. 17). iRhythm did not produce the proposed redactions to the Government until August 17, nearly 24 hours after its initial filing. On August 19, the Government submitted its Opposition to the Administrative Motion to Seal. (Dkt. No. 18). On August 23, 2024, in derogation of the Local Rules of this Court, iRhythm filed a Reply in Support of Its Administrative Motion to Seal Government's Petition for Order to Show Cause and Application for Enforcement of Administrative Subpoena. (ECF. No. 19).

As the Government has previously argued to the Court, Respondent's reply is improper under the Court's Civil Local Rules. Civil L.R. 7-11, refers only the timeframe to file motions in *support* or *opposition* to administrative motions after the filing. There is no timeframe set for a reply to a memorandum in opposition, because no such reply is permitted. The expedited timeframe of an administrative motion detailed in Civil L.R. 7-11(c) makes clear the Court decides the matter without reviewing a reply from the moving party. "A Motion for Administrative Relief is deemed submitted for *immediate determination* without hearing on the day after the opposition is due." *Id.* (emphasis added).

For the foregoing reasons, Petitioner objects to Respondent's taking a second bite at the apple though a supplemental filing. Petitioner respectfully requests that the Court strike the Respondent's Reply in Support of Its Administrative Motion to Seal Government's Petition for Order to Show Cause and Application for Enforcement of Administrative Subpoena from the docket or otherwise give it no consideration in ruling on Respondent's administrative motion to seal.

DATED: August 27, 2024                    Respectfully submitted,

                                                AMANDA N. LISKAMM
                                                Director, Consumer Protection Branch

                                                _____
                                                MAX J. GOLDMAN
                                                Trial Attorney
                                                Attorneys for Petitioner United States of America