BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General, Civil Division
AMANDA N. LISKAMM
Director, Consumer Protection Branch
MAX J. GOLDMAN (NYBN 5304597)
Trial Attorney, Civil Division
United States Department of Justice

    450 5th Street, N.W.
    Washington, DC 20001
    Telephone: (202) 353-7664
    Email: max.j.goldman@usdoj.gov

Attorneys for Petitioner
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>    v.<br><br>IRHYTHM TECHNOLOGIES, INC.,<br><br>    Respondent. | Civil Action No. 3:24-cv-03967-AMO<br><br>**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO THE RESPONDENT'S ADMINISTRATIVE MOTION TO SEAL (ECF NO. 22)** |

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................... 1

**II.**    **LEGAL STANDARD** ................................................................................................... 1

     A.    The Compelling Reason Standard Applies ........................................................ 1

III.    ARGUMENT .................................................................................................................. 2

     A.    iRhythm Has Not Met Its Burden that Personal Identifiable Information or Confidential Commercial Information Exists ................................................... 2

     B.    The Harm Identified by iRhythm Does Not Require Sealing this Material ....... 4

## I. INTRODUCTION

Despite iRhythm's continued assertions to the contrary, the material contained in the Government's brief is neither confidential information nor personal identifiable information that warrants sealing under the federal rules of civil procedure, the local rules or this Court's precedent.

For a third time, iRhythm seeks to improperly seal the *subject area* of three internal compliance audits. This benign information is not confidential commercial information nor personal identifiable information that warrants the high bar of sealing.

iRhythm's dismissive attitude towards public access to this Court's records should not be permitted. Public access to documents, even when the documents are in the Government's possession is a touchstone of accessibility and transparency in American jurisprudence. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). ("[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); *Perry v. City of San Francisco*, No, 10-16696, 2011 WL 2419868 at *18 (9th Cir. Apr. 27, 2011) (stating that the Ninth Circuit "has a long history of ordering civil court documents to be unsealed . . . relying both on the First Amendment to the United States Constitution and the common law right of access") (string cite omitted). iRhythm, like all litigants, should not be granted blanket opportunities to seal materials because it is better business for it to litigate in secret. Unwarranted secrecy in the courts undermines the public trust in the justice system, especially when the Government is a party to an action like the enforcement action here. *See id.* at *19 ("public access to court proceedings allows the public to participate in and serve as a check upon the judicial process—an essential component in our structure of self-government.")

## II. LEGAL STANDARD

### A. The Compelling Reason Standard Applies

As stated in the Government's earlier objections to sealing, the outcome of the instant briefing will be dispositive to this entire action. Therefore, the "compelling reason" standard of review should apply. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).

When considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party attempting to seal judicial records relating to motions that are "more than tangentially related to the

MEMORANDUM IN OPPOSITION TO RESPONDENT'S ADMINISTRATIVE MOTION TO SEAL
NO. 3:24-CV-03967-AMO                                 1

underlying cause of action" bears the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safet.*, 809 F.3d at 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79.

Because the Court's decision *of the entire Petition* is not tangential to the dispute—indeed it *is* the dispute—it will be necessarily dispose of the entire action. As an initial pleading, the Petition here is akin to a complaint, which is due the "compelling reasons standard." *See Parti v. Tricida*, No. 21-CV-00076-HSG, 2023 WL 6165694, at *2 (N.D. Cal. Sept. 21, 2023) ("Because the complaint is the pleading on which this action is based, the Court applies the "compelling reasons" standard to these motions to seal"). Unlike a discovery motion, once the Court renders its decision on the Government's Petition, the entire litigation is over; there is no further pending litigation to which this question may be tangential.

Under the "compelling reasons" standard, a moving party must overcome the "strong presumption in favor of access." *Kamakana* 447 F.3d at 1178 (9th Cir. 2006). Therefore, iRhythm must make a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Even if the "good cause" standard were to apply, the Defendant's motion should be denied.

### III. ARGUMENT

#### A. iRhythm Has Not Met Its Burden that Personal Identifiable Information or Confidential Commercial Information Exists

The material that iRhythm seeks to maintain under seal under the guise of confidential commercial information and personal identifiable information ("PII") is not applicable for narrow exception under the Federal Rules and this Court's precedent.

Federal Rule of Civil Procedure 5.2 identifies four types of PII that should be redacted from public filings: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) minor's initials; (4) the last four digits of the financial-account number. Fed. R. Civ. P. 5.2(a). iRhythm does not contend that any of the information at issue is required to be redacted pursuant to Rule 5.2, or are trade secrets or the other categories of information that the Court has found appropriate for redaction. https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/.

No material in the Respondent's Brief qualifies as confidential business information either. Courts in this Circuit have held that confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard for filing under seal. *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 3570000, at *2 (N.D. Cal. May 18, 2023) (citations omitted). iRhythm contends that its Brief "contains[]s sensitive and confidential regulatory and compliance details" concerning an internal compliance audit. (ECF No. 17-1 at 3). Aside from the fact that there *no* information from any of the three audit reports in the Government's brief, the information that iRhythm seeks to seal is a barebones recital of what the subject of the audits was in the broadest of terms. In the Government's brief, there are no secret commercial terms between parties, no non-public research studies submitted to FDA, no documents concerning iRhythm's regulatory strategies, no proprietary patents, no negotiation strategy that iRhythm has engaged in that would prove to be disadvantageous to iRhythm if it was known generally.

iRhythm states in a conclusory fashion that the mere existence of an audit and the enormously vague work conducted in connection with it is confidential commercial information because it contains "sensitive and confidential regulatory information." But this is not true. The cases that iRhythm cites do not stand for that proposition either. In both of the cases that iRhythm relies on, *Benanev v. Healthy Paws Pet Ins. LLC*, No. 2:20-CV-00421-LK, 2023 WL 8648962, at *7 (W.D. Wash. Dec. 14, 2023), and *Edwards Lifesciences Corp v. Meril Life Scis. PVT. Ltd.*, No. 10-CV-06593-HSG, 2020 WL 6118533, at *11 (N.D. Cal. Oct. 16, 2020), each court held that *strategy*, *documents,* and *conclusions* containing internal compliance audit results or strategy satisfied the compelling purpose standard, not the vague allusions here.

Furthermore, iRhythm's counsel, and not anyone in its business operations, merely professing that a document is "confidential" does not denote that sealing is required, or even appropriate. *See Themis Bar Rev., LLC v. Kaplan, Inc.*, No. 14CV208 L (BLM), 2015 WL 11822157, at *2 (S.D. Cal. May 28, 2015) (holding that party's reliance on documents' designation as "confidential" to justify filing them under seal was insufficient to meet "compelling reasons" standard). Thus, iRhythm's assertion that information that "iRhythm maintains as confidential in the ordinary course of its business and is not generally known to the public or iRhythm's competitors" (Dkt. 17-2 at ¶ 6) should be summarily rejected for lacking particularity.

In *Loza v. Intel Ams., Inc.*, No. C 20-6705 WHA, 2022 WL 696510, at *1 (N.D. Cal. Feb. 13, 2022),

1  the court held that information from a complaining employee should not be sealed because counsel's
2  conclusory declaration that the information was a "proprietary records and information . . . [that] derive[d]
3  value from not being generally known to the public, including information such as internal company
4  strategy and brand standards" did not identify any internal company strategy or brand standards. Similarly,
5  iRhythm points only to the fact that it derived some unspecified value from the internal investigation being
6  unknown to the public. There is no other commercial benefit to iRhythm keeping this material out of the
7  public sphere.

### B. The Harm Identified by iRhythm Does Not Require Sealing this Material

9  iRhythm continues to assert that the harm it suffered, and may continue to suffer, is a 10% drop in
10 the company's stock price and activist investors and competitors exploiting the information to harm
11 iRhythm's reputation. (Dkt. 22 at 4-5). This is precisely the type of harm that the Ninth Circuit Court of
12 Appeals has found does not warrant sealing. *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the
13 production of records may lead to a litigant's embarrassment, incrimination, or exposure to further
14 litigation will not, without more, compel the court to seal its records.") (citing *Foltz*, 331 F.3d at 1136).
15 Furthermore, iRhythm cannot articulate why the *sealed* materials pose any more of a risk to its business
16 than the unsealed allegations.

17 iRhythm's continued unbased assertion that it has already suffered competitively because its stock
18 price declined in the aftermath of the Petition, as well as its predictions that shareholders may use public
19 information in making investment decisions is irrelevant and unmoored to any law. Taking a not-so-distant
20 logical leap under iRhythm's theory: if harm to a publicly traded company's stock price were deemed to
21 be sufficient harm to order the sealing of documents, then *any* potential legal action against *any* publicly
22 traded company would be subject to seal. Of course, that is not the law.

23 Finally, iRhythm's contention that this Court should follow the precedent set by Judge Corley's
24 sealing order in *Glazing Employers and Glaziers' Union Local #27 Pension and Retirement Fund v.*
25 *iRhythm*, No. 3:24-cv-706-JSC (N.D. Cal. filed Feb. 15, 2024) is unavailing. iRhythm now attempts to
26 create a circular reasoning loop in which an interim decision from this Court (to lock the Government's
27 pleading pending a decision on sealing) to influence the sealing decision of a second court, then
28 subsequently returns here to use the second court's decision to influence this Court. This tactic asks the

MEMORANDUM IN OPPOSITION TO RESPONDENT'S ADMINISTRATIVE MOTION TO SEAL
NO. 3:24-CV-03967-AMO                                4

Court to not base its decision on independent legal principles and distorts objective application of the law.

**CONCLUSION**

For all the reasons stated above, the Government respectfully requests that the Court deny iRhythm's Administrative Motion to Seal the Government's Reply in Support of its Petition to Enforce Administrative Subpoena and Order to Show Cause.

DATED: September 17, 2024

Respectfully submitted,
AMANDA N. LISKAMM
Director, Consumer Protection Branch

*/s/ Max J. Goldman*

MAX J. GOLDMAN
Trial Attorney
Attorneys for Petitioner United States of America