QUINN EMANUEL URQUHART & SULLIVAN, LLP
 Kristin N. Tahler (Bar No. 261908)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
kristintahler@quinnemanuel.com

*Attorneys for Respondent iRhythm Technologies, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>IRHYTHM TECHNOLOGIES, INC.,<br><br>    Respondent. | Civil Action No.: 3:24-cv-03967-AMO<br><br>**iRHYTHM TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS ADMINISTRATIVE MOTION TO SEAL (ECF NO. 22)** |

## I. INTRODUCTION

The Government continues to misrepresent the nature of the instant action and legal precedent in its continued attempts to inappropriately exert pressure on iRhythm. Repeatedly claiming that its Petition is "dispositive" such that a higher sealing standard applies does not make it so; the Government's Petition is a motion to compel, and the good cause standard applies to sealing the Petition and all related briefing.

In the related civil action, in which the compelling reason standard *does* apply because the document to be sealed is a civil complaint, Judge Corley found that iRhythm met its burden. *See Glazing Emps. & Glaziers Union Loc. #27 Pension & Ret. Fund v. iRhythm Techs., Inc.*, No. 3:24-cv-706-JSC (N.D. Cal. filed Feb. 15, 2024), Dkt. No. 40. Contrary to the Government's representation, Judge Corley's order makes no mention of this Court's decision to lock the Government's Petition pending a decision on sealing. Judge Corley's order states simply that iRhythm has met the compelling reasons standard to seal the information that the civil plaintiffs took directly from the Government's Petition. *See id*.

iRhythm has met its burden under both the good cause and the compelling reason standards because it has demonstrated that its proposed redactions are necessary to seal personally identifying information ("PII"), to protect the privacy interests of third parties, and to avoid competitively harmful disclosure of details of a confidential internal compliance investigation. The Government's cavalier attitude toward the privacy interests of iRhythm's employees and third party contractors and confidential, commercially sensitive information is inappropriate, and this Court should ensure iRhythm is not subject to competitive harm simply because it decided to avail itself of applicable privilege claims. iRhythm's Administrative Motion to Seal (ECF No. 22) should be granted.

## II. ARGUMENT

### A. The "Good Cause" Standard Applies to Discovery Motions.

The Government's argument that its Petition is technically "dispositive" is superficial and fails when scrutinized. The Ninth Circuit has held "that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'" *Ctr. for*

*Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).[1] Rather, "public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id.*; *see also id.* at 1099-1100 (explaining that the weight given to the presumption of access is different for certain documents that play a "'negligible role in performance of Article III duties . . . such as those passed between the parties in discovery,' which lie 'beyond the presumption's reach'" and documents central to "determining the litigants' substantive rights" (internal citation omitted)).

As explained previously, there is no "case" here. While it is true that the Government's Petition is a one-off motion, it is not the type of motion that the rules contemplate warranting the compelling reason standard.[2] *See, e.g.*, *id.* at 1100 (finding preliminary injunctions, *Daubert* motions, and summary judgment motions as more than tangentially related to the merits of the case). Regardless of how the Government attempts to dress it up, the Petition is effectively a motion to compel—a *transitory* motion to compel, at that—and should be treated as such when considering sealing. *See, e.g.*, *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (finding that "plaintiff's motion to compel discovery is only tangentially related to the merits and the good cause standard applies."); *Lyft, Inc. v. AGIS Software Dev. LLC*, No. 21-CV-04653-BLF, 2022 WL 1505879, at *1 (N.D. Cal. Apr. 7, 2022) ("Because Lyft's sealing motions relate to a motion to compel discovery . . . the Court finds that the 'good cause' standard applies."); *Chrysler*, 809 F.3d at 1097 (finding that the good cause showing applies to "'discovery motion[s] unrelated to the merits of a case.'").[3] Nonetheless, iRhythm readily meets its burden under both the good cause and compelling reason standard.

---

[1] The Government cites to *Chrysler* to support its argument that the Petition should be subjected to the compelling reason standard simply because it is "dispositive," yet *Chrysler* explicitly rejects such a rigid, black-and-white approach.

[2] The Government also mislabeled its Petition as a "Civil Action." The proper category for the Government's Petition is "Miscellaneous Action." *See, e.g.*, *United States of America v. The State of California et al*, 3:18CV02868, Dkt. No. 3 (converting "case type CV to case type MC because the incorrect case type was used at opening" for a petition to enforce administrative subpoena).

[3] Moreover, the information iRhythm seeks to seal is irrelevant to the material issue of privilege, which further warrants sealing. *See Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (reasoning that the information sought to be sealed had "little or no relevance to any material issue in this case" and, therefore, found "that the privacy interests in this personal information outweigh[] the public's right to access."); *see also*

**B.     Good Cause and Compelling Reasons Exist That Warrant Sealing.**

The Government's insistence that this Court ignore binding case precedent and instead fixate on a non-dispositive list of sealable PII from the Federal Rules is illogical. The PII iRhythm seeks to seal *is the very type* of information that courts in this district have found may be filed under seal. *See, e.g.*, *Jones v. PGA Tour*, Inc., No. 22-CV-04486-BLF, 2023 WL 6545413, at *4 (N.D. Cal. Oct. 5, 2023) ("Email addresses constitute confidential personal contact information for which there is good cause to seal."); *UnifySCC* , 2023 WL 7170265, at *1 ("[C]ourts have found compelling reasons to seal personally identifying information, such as names, addresses, phone numbers, and email addresses."); *Hernandez v. Cnty. of Monterey*, No. 13-CV-02354, 2023 WL 4688522, at *3–4 (N.D. Cal. July 21, 2023) (finding compelling reasons to seal email addresses and other personal contact information). Thus, this information is not only sealable, but courts in this district have consistently determined that personal contact information, such as the names of current and former employees and third parties, meets both the good cause and compelling reason standards for sealing. iRhythm's request to seal the names of former employees and third parties should be granted.

The Government's attempt to limit the permissible categories of confidential business information from a single case that it selectively cites also misses the mark. While "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" are indeed examples of confidential business information that meet both the good cause and compelling reason standards for sealing, this is not an exhaustive list. Even if it were, iRhythm's internal regulatory compliance investigation falls within the "business strategy" category, and this Court's sister court already found it appropriate to seal such commercially sensitive information. *See Glazing Emps. & Glaziers Union Loc. #27 Pension & Ret. Fund v. iRhythm Techs., Inc.*, No. 3:24-cv-706-JSC (N.D. Cal. filed Feb. 15, 2024), Dkt. No. 40 (granting motion to seal because "compelling reasons to seal have been shown"); *see also Zogenix, Inc. v. Fed. Ins. Co.*, No. 4:20-CV-06578-YGR, 2022 WL 3908529, at *1 n.1 (N.D. Cal. May 26, 2022) (granting request to seal

---

*UnifySCC v. Cody*, No. 22-CV-01019-BLF, 2023 WL 7170265, at *1 (N.D. Cal. Oct. 30, 2023) ("[T]he personally identifying information is not material to the motion []. Thus, the Court finds compelling reasons to seal the personally identifying information . . . .").

"internal conversations" about corporate "decision-making process" in connection with summary judgment motion); *Pinnacle Ventures LLC v. Bertelsmann Educ. Servs.*, No. 18-CV-03412-BLF, 2018 WL 11392741, at 1 (N.D. Cal. Aug. 1, 2018) (granting sealing of "internal governance procedures and corporate details" under compelling reasons standard).

The Government's argument that sealing is not required because iRhythm did not include details of its internal compliance audit is also unavailing; to be clear, iRhythm did not include such details ***because those details are privileged***. iRhythm's entire investigation at issue is confidential, including the existence of the investigation, and should be sealed. Courts in this Circuit have determined that internal compliance investigations meet the compelling reason standard for sealing. *See, e.g.*, *Benanav v. Healthy Paws Pet Ins. LLC*, No. 2:20-CV-00421-LK, 2023 WL 8648962, at *7 (W.D. Wash. Dec. 14, 2023) (finding compelling reasons to seal documents that "reflect[] competitively sensitive business information regarding audits performed on Healthy Paws' business operations and regulatory compliance efforts[.]"); *see also Edwards Lifesciences Corp. v. Meril Life Scis. PVT. Ltd.*, No. 19-CV-06593-HSG, 2020 WL 6118533, at *11 (N.D. Cal. Oct. 16, 2020) (finding compelling reason to seal document concerning the defendant's "regulatory strategies"); *United States ex rel. Ruhe v. Masimo Corp.*, No. 10-CV-08169-CJC(VBKx), 2013 WL 12131173, at *2 (C.D. Cal. Aug. 26, 2013) (internal research studies, clinical tests, and non-public data submitted to the FDA in the course of regulatory approval, were "confidential, proprietary, and [ ] valuable").[4]

Moreover, contrary to the Government's assertion that iRhythm failed to articulate a competitive threat to having its confidential information disclosed to the public, iRhythm explained that compliance investigations are particularly sensitive and could be exploited by competitors in the marketplace. *See, e.g.*, Dkt. Nos. 4; 6. The Government's argument that iRhythm's position

---

[4] Further, the Government, once again, mischaracterizes the holding in *Loza v. Intel Americas, Inc.*, No. C 20-6705 WHA, 2022 WL 696510, at *2 (N.D. Cal. Feb. 13, 2022). There, the court found that the employee complaint should not be sealed because the "vast majority of the document concern[ed] the personnel drama at the tradeshow and ha[d] nothing to do with internal company strategy" and that the defendant failed to "specifically identify the information in the document that supposedly constitute[d] proprietary company strategy." In contrast, here, iRhythm has specifically identified the information that relates to its confidential, internal, compliance investigation.

would lead to sealing "*any* potential legal action against *any* publicly traded company" is self-serving hyperbole far from what iRhythm is actually arguing. First, the Government appears to forget that here, there is no legal action pending. Second, iRhythm is only seeking to seal portions of filings related to a confidential compliance investigation, not the entirety of the Government's motion to compel privileged documents. Finally, iRhythm requested that this information be protected from disclosure under FOIA and never should have been public for shareholder use in the first place. The proven likelihood of competitive harm warrants sealing because the presumption of public access is not absolute, and courts "must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Kumandan v. Google LLC*, No. 19-CV-04286-BLF, 2022 WL 18399568, at *1 (N.D. Cal. Dec. 20, 2022).[5]

The Government has everything that it needs to try to compel iRhythm to disclose privileged information, rendering this entire exercise about something else—strategically seeking to harm iRhythm through public view and shareholder litigation. That the Government finds this additional thumb on the scale necessary is telling, but this effort is unavailing. Disclosure of the information it seeks is contrary to caselaw in this Circuit as shown herein. The Government's transparent tactics should not be rewarded. iRhythm's request to seal should be granted.

**III.   CONCLUSION**

For the foregoing reasons, iRhythm respectfully requests that the Court grant its Motion.

DATED: September 19, 2024          Respectfully Submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: */s/ Kristin N. Tahler*
   Kristin N. Tahler
   *Attorney for Respondent iRhythm Technologies, Inc.*

---

[5]  The Government attempts to create a rule that attorney declarations are insufficient for sealing. No such limitation exists. Further, to support this, the Government cites to a case where the party attempted to seal *only* on the basis that the document was marked confidential during production. That is not the case here. iRhythm has detailed the proven competitive harm that warrants sealing.