1   YAAKOV M. ROTH
    Principal Deputy Assistant Attorney General, Civil Division
2   AMANDA N. LISKAMM
    Director, Consumer Protection Branch
3   MAX J. GOLDMAN (NYBN 5304597)
    Trial Attorney, Civil Division
4   United States Department of Justice
5
        450 5th Street, N.W.
6       Washington, DC 20001
        Telephone: (202) 353-7664
7       Email: max.j.goldman@usdoj.gov
8
    Attorneys for Petitioner
9   UNITED STATES OF AMERICA
10
                        UNITED STATES DISTRICT COURT
11
                      NORTHERN DISTRICT OF CALIFORNIA
12
                          SAN FRANCISCO DIVISION
13

14   UNITED STATES OF AMERICA,              )   Civil Action No. 3:24-cv-03967-AMO
                                            )
15           Petitioner,                    )
                                            )
16       v.                                 )   **GOVERNMENT'S MEMORANDUM IN**
                                            )   **OPPOSITION TO THE RESPONDENT'S**
17   IRHYTHM TECHNOLOGIES, INC.,            )   **ADMINISTRATIVE MOTION TO SEAL (ECF**
                                            )   **NO. 37)**
18           Respondent.                    )
                                            )
19                                          )
                                            )
20   ───────────────────────────────────── )

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2    I.      INTRODUCTION ...................................................................................................1

3    II.     LEGAL STANDARD .............................................................................................1

4            A.      The Compelling Reason Standard Applies .................................................1

5    III.    ARGUMENT ..........................................................................................................2

6            A.      iRhythm Has Not Met Its Burden that Personal Identifiable Information or
                     Confidential Commercial Information Exists .............................................2
7
8            B.      The Harm Identified by iRhythm Does Not Require Sealing this Material .......................4

             C.      FOIA Review is Inappropriate Here ...........................................................5
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.      INTRODUCTION

Despite iRhythm's continued assertions to the contrary, the material contained in the Government's Petition and its brief is neither confidential information nor personal identifiable information that warrants sealing under the Federal Rules of Civil Procedure, the Local Rules or this Court's precedent. Unwarranted secrecy in the courts undermines the public trust in the justice system, especially when the Government is a party to an action like the enforcement action here. *See Perry v. City of San Francisco*, No. 10-16696, 2011 WL 2419868 at *19 (9th Cir. Apr. 27, 2011) ("public access to court proceedings allows the public to participate in and serve as a check upon the judicial process—an essential component in our structure of self-government.").

iRhythm's dismissive attitude towards public access to this Court's records should not be permitted because it is counter to the touchstones of accessibility and transparency in American jurisprudence. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); *see also Perry*, 2011 WL 2419868 at *18 (stating that Ninth Circuit "has a long history of ordering civil court documents to be unsealed . . . relying both on the First Amendment to the United States Constitution and the common law right of access") (string cite omitted). iRhythm, like all litigants, should not be granted blanket opportunities to seal materials because it is better business for it to litigate in secret.

## II.     LEGAL STANDARD

### A.      The Compelling Reason Standard Applies

When considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party attempting to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bears the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safet.*, 809 F.3d at 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Because the Court's decision *of the entire Petition* is not tangential to the dispute—indeed it *is* the dispute—it will be necessarily dispose of the entire action. As an initial pleading, the Petition here is akin

to a complaint, which is due the "compelling reasons standard." *See Parti v. Tricida*, No. 21-CV-00076-HSG, 2023 WL 6165694, at *2 (N.D. Cal. Sept. 21, 2023) ("Because the complaint is the pleading on which this action is based, the Court applies the "compelling reasons" standard to these motions to seal"). Unlike a discovery motion, once the Court renders its decision on the Government's Petition there is no further pending litigation to which this question may be tangential. Even iRhythm acknowledges that "there is no cause of action to which the Petition could be even tangentially related.". Dkt. 37 at 5. The Petition is not tangentially related to an underlying cause of action; it *is* the cause of action. Therefore, the compelling reasons standard applies.

Under the "compelling reasons" standard, a moving party must overcome the "strong presumption in favor of access." *Kamakana* 447 F.3d at 1178 (9th Cir. 2006). Therefore, iRhythm must make a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Even if the "good cause" standard were to apply, the Defendant's motion should be denied.

## III.    ARGUMENT

### A.    iRhythm Has Not Met Its Burden that Personal Identifiable Information or Confidential Commercial Information Exists

There is a presumption of public access to judicial records and documents. *Nixon*, 435 U.S. at 597. The material that iRhythm seeks to maintain under seal under the guise of confidential commercial information and personal identifiable information ("PII") is not appropriate to be sealed under the Federal Rules and this Court's precedent to overcome that presumption. *See* Civil Local Rule 79–5(a) (sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law.").

Federal Rule of Civil Procedure 5.2 identifies four types of PII that should be redacted from public filings: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) a minor's initials; and (4) the last four digits of the financial-account number. Fed. R. Civ. P. 5.2(a). Recognizing that the Federal Rules do not require other information to be concealed, iRhythm instead derides adherence to the rules as "myopic" and "narrow." iRhythm fails to explain *how* or *why* names of current and former employees or third parties retained by iRhythm ought to

1    be cloaked in secrecy, as if names do not commonly appear in public court documents.

2         No material in the Petition, briefs, or documents qualifies as confidential business or proprietary

3    information either. Courts of this Circuit have held that confidential business information in the form of

4    "license agreements, financial terms, details of confidential licensing negotiations, and business strategies"

5    satisfies the "compelling reasons" standard for filing under seal. *Jones v. PGA Tour, Inc.*, No. 22-CV-

6    04486-BLF, 2023 WL 3570000, at *2 (N.D. Cal. May 18, 2023) (citations omitted); *cf.*

7    *O'Bannon v. Nat'l Collegiate Athletic Ass'n,* No. C 09-3329 CW, 2014 WL 12997312, at *1 (N.D. Cal.

8    June 10, 2014) (refusing to seal hundreds of documents as overbroad requests and only agreeing to seal

9    specific contract dollar amounts that "could hinder the conferences' ability to negotiate licensing

10   agreements with broadcasters in the future.").

11        iRhythm contends that its Brief contains "particularly sensitive information that could be exploited

12   by competitors in the marketplace." (Dkt. 37 at 6). Aside from the fact that there *no* information from any

13   of the three audit reports in the documents at issue, the information that iRhythm seeks to seal is a barebones

14   recital of what a compliance audit is and what the subject of the audit was in the broadest of terms. Notably,

15   iRhythm fails to state with any particularity what material is so sensitive that it could be harmed if made

16   public, and how. There are no secret commercial terms or payments between parties, no non-public

17   research studies submitted to FDA, no documents concerning iRhythm's regulatory strategies, no

18   proprietary patents, no negotiation strategy that iRhythm has engaged in that would prove to be

19   disadvantageous to iRhythm if they became known.

20        The cases cited in the parties' briefing in the underlying action concerning whether a third-party

21   audit report is privileged is instructive. The opinions in those cases identify corporate employees, the third

22   party that conducted the investigation and the subject(s) of the investigation. The availability of information

23   shows that Courts and litigants do not consider these materials to be sealable, even when litigating whether

24   the underlying material is privileged. *See e.g. Lewis v. Wells Fargo*, 266 F.R.D. 433 (N.D. Cal. 2010);

25   *United States v. ISS Marine Servs*, 905 F. Supp. 2d 121 (D.D.C. 2012); *Bickler v. Senior Lifestyle Corp.*,

26   266 F.R.D. 379, 381 (D. Ariz. 2010); *In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d

27   900, 903 (9th Cir. 2004).

28        In two of the cases on which iRhythm relies, *Benanev v. Healthy Paws Pet Ins. LLC*, No. 2:20-CV-

1   00421-LK, 2023 WL 8648962, at *7 (W.D. Wash. Dec. 14, 2023), and *Edwards Lifesciences Corp v. Meril*

2   *Life Scis. PVT. Ltd.*, No. 10-CV-06593-HSG, 2020 WL 6118533, at *11 (N.D. Cal. Oct. 16, 2020), each

3   court held that *strategy*, *documents,* and *conclusions* containing internal compliance audit results or

4   strategy satisfied the compelling purpose standard, not the vague allusions here.

5        iRhythm's conclusory claims are simply not enough. In *Loza v. Intel Ams., Inc.*, No. C 20-6705

6   WHA, 2022 WL 696510, at *1 (N.D. Cal. Feb. 13, 2022), the court held that information from a

7   complaining employee should not be sealed because counsel's conclusory declaration that the information

8   was "proprietary records and information . . . [that] derive[d] value from not being generally known to the

9   public, including information such as internal company strategy and brand standards" did not identify any

10   internal company strategy or brand standards. Similarly, iRhythm points only to the fact that it derived

11   some unspecified value from the internal investigation being unknown to the public. There is no other

12   commercial benefit to iRhythm keeping this material out of the public sphere.

13        **B.     The Harm Identified by iRhythm Does Not Require Sealing this Material**

14        iRhythm continues to assert that the harm it suffered, and may continue to suffer, is a 10% drop in

15   the company's stock price and activist investors and competitors exploiting the information to harm

16   iRhythm's reputation. (Dkt. 37 at 6). iRhythm does not cite to any evidence that the release of the *sealed*

17   materials caused this drop, other than the fact that the instant action was filed at all. This is precisely the

18   type of harm that the Ninth Circuit Court of Appeals has found does not warrant sealing. *See Kamakana*,

19   447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment,

20   incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.")

21   (citing *Foltz*, 331 F.3d at 1136). Furthermore, iRhythm cannot articulate why the *sealed* materials pose any

22   more of a risk to its business than the unsealed allegations.

23        Furthermore, if iRhythm's theory of harm is accepted, the mere threat of a decrease in stock price

24   would be deemed to be sufficient justification to order the sealing of documents. That would lead to a

25   preposterous result that *any* potential legal action against *any* publicly traded company would be subject to

26   seal. Of course, that is not the law.

27        iRhythm's contention that this Court should follow the precedent set by Judge Corley's sealing

28   order in *Glazing Employers and Glaziers' Union Local #27 Pension and Retirement Fund v. iRhythm*,  No.

3:24-cv-706-JSC (N.D. Cal. filed Feb. 15, 2024) is unavailing. In its briefing in that case, iRhythm confusingly stated that it sought to seal "iRhythm's confidential *customer* information" despite referencing no customer information. No. 3:24-cv-706-JSC (N.D. Cal. filed Feb. 15, 2024 at Dkt. 38 at 2) (emphasis added). Additionally, the main thrust of iRhythm's argument before Judge Corley rested on the fact that *this* Court had locked the Government's Petition and was no longer publicly available. *Id.* at 3. In short, iRhythm used this Court's decision to lock the Government's Petition as precedent in the *Glazing* case and now turns around to use an order from that case as precedent to influence this Court.

### C.    FOIA Review is Inappropriate Here

Finally, iRhythm's reliance on FOIA's exemptions to *prevent* disclosure of its documents is inapposite.  FOIA's overarching purpose is to *permit* disclosure.  *See Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976) (FOIA's "limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act.").  Here, iRhythm's inexplicable reliance on a statute that has absolutely nothing to do with this action also would turn FOIA on its head.

iRhythm contends that this case should be governed by Exemption 4 to the Freedom of Information Act ("FOIA").  Again, this is not a FOIA case.  Moreover, FOIA exemption analysis deals only with FOIA requests, *not* in how the Government may use those materials.  Similarly, nothing under 18 U.S.C. § 3486(c) obligates the Government to meet and confer with a party before seeking filing a petition to enforce a subpoena.

### CONCLUSION

For all the reasons stated above, the Government respectfully requests that the Court deny iRhythm's Administrative Motion to Seal the Government's Reply in Support of its Petition to Enforce Administrative Subpoena and Order to Show Cause.

DATED: April 8, 2025                          Respectfully submitted,
                                              AMANDA N. LISKAMM
                                              Director, Consumer Protection Branch

                                              _____
                                              MAX J. GOLDMAN
                                              Trial Attorney
                                              Attorneys for Petitioner United States of America