YAAKOV M. ROTH
Acting Assistant Attorney General, Civil Division
AMANDA N. LISKAMM
Director, Consumer Protection Branch
MAX J. GOLDMAN (NYBN 5304597)
Trial Attorney, Civil Division
United States Department of Justice

    450 5th Street, N.W.
    Washington, DC 20001
    Telephone: (202) 353-7664
    Email: max.j.goldman@usdoj.gov

Attorneys for Petitioner
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>IRHYTHM TECHNOLOGIES, INC.,<br><br>    Respondent. | Civil Action No. 3:24-cv-03967-AMO<br><br>**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO THE RESPONDENT'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM (ECF NO. 38)** |

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................................1

**II.** LEGAL STANDARD ....................................................................................................................1

    A. The Compelling Reason Standard Applies ............................................................................1

III. ARGUMENT ................................................................................................................................1

    A. Personal Identifiable Information or Confidential Commercial Information Will Not Be Raised at the Hearing .........................................................................................1

    B. iRhythm's Confidential Business Information Will Not be Mentioned Because iRhythm has Deliberately Not Given that Information to the Government.........................2

## I. INTRODUCTION

In addition to improperly sealing the documents at issue in this matter, *see* Dkt. No. 37, iRhythm now seeks to take the extreme step of sealing the courtroom during the April 21, 2025, hearing. Unwarranted secrecy in the courts undermines the public trust in the justice system, especially when the Government is a party to an action like this enforcement action. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980) ("People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing."). iRhythm's continued dismissive attitude towards public access to this Court's proceedings should not be permitted merely because secrecy is better for business. The motion should be denied.

## II. LEGAL STANDARD

### A. The Compelling Reason Standard Applies

As stated in the Government's earlier objections to sealing, the outcome of the instant briefing will be dispositive to this entire action. *See e.g.* Dkt. No. 41. Therefore, the "compelling reason" standard of review should apply. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).

When considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party attempting to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bears the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the strong public policies favoring disclosure. *Ctr. for Auto Safet.*, 809 F.3d at 1099 (9th Cir. 2016); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

## III. ARGUMENT

### A. Personal Identifiable Information or Confidential Commercial Information Will Not Be Raised at the Hearing

No personal identifiable information ("PII") will be disclosed during oral argument. The Government does not foresee any information such as emails, social-security numbers and taxpayer-identification numbers and account information will be identified during oral argument. To be sure, the names of current and former iRhthym employees will be mentioned, as well as the identity of third parties

that iRhthym retained, but none of those are the types of sensitive PII that should trigger closing of the courtroom and are instead relevant facts to be reviewed by the Court.

If disclosure of these facts were to be considered to be PII, then nearly every courtroom would be sealable, which is assuredly counter to the law and public policy of ensuring open courtrooms.

### B. iRhythm's Confidential Business Information Will Not be Mentioned Because iRhythm has Deliberately Not Given that Information to the Government.

The reasons why iRhythm decided to conduct its internal investigation is not the type of sensitive information that warrants sealing of a public courtroom. The supposed "competitive harm" that iRhythm has shouted from the rooftop for months is the company's lowered stock price, not a competitor seeking to undercut a business deal or the disclosure of proprietary information. That specific weaponizable information might warrant sealing, not mere embarrassment or general, ambiguous business harm. *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.") (citing *Foltz*, 331 F.3d at 1136).

At the hearing, the Government does not foresee any discussion of commercial terms between parties, non-public research studies submitted to FDA, documents concerning iRhythm's regulatory strategies, proprietary patents, negotiation strategy that iRhythm has engaged in that would prove to be disadvantageous to iRhythm if known generally.

iRhythm states in a conclusory fashion that the mere existence of an audit and the enormously vague work conducted in connection with it is confidential commercial information because it contains "sensitive and confidential regulatory information." Vague summary information is insufficient to seal the courtroom, if specific confidential information is not disclosed in open court. *See Epic Games, Inc. v. Apple Inc.*, No. 4:20-CV-05640-YGR, 2021 WL 1907755, at *3–4 (N.D. Cal. May 12, 2021) (refusing to seal courtroom if "general references summarizing the redacted information without reference to specific numbers"); *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, No. C 09-3329 CW, 2014 WL 12997312, at *2 (N.D. Cal. June 10, 2014) (rejecting requests to close courtroom while instruction parties from referring to specific dollar amounts in licensing agreements that was the only potentially sensitive information that could be filed under seal). As discussed, iRhythm' states that the audits it conducted are sensitive and confidential,

but even the cases it cites do not stand for the proposition that such an audit is necessarily entitled to sealing. In *Benanev v. Healthy Paws Pet Ins. LLC*, No. 2:20-CV-00421-LK, 2023 WL 8648962, at *7 (W.D. Wash. Dec. 14, 2023), and *Edwards Lifesciences Corp v. Meril Life Scis. PVT. Ltd.*, No. 10-CV-06593-HSG, 2020 WL 6118533, at *11 (N.D. Cal. Oct. 16, 2020), each court held that *strategy*, *documents,* and *conclusions* containing internal compliance audit results, pricing or strategy that would be harmful if a competitor had this information satisfied the compelling purpose standard, not the vague allusions here.

Finally, as stated in the Government's Response to iRhythm's Administrative Motion to Seal, Dkt. No. 41, iRhythm's contention that this Court should follow the precedent set by Judge Corley's sealing order in *Glazing Employers and Glaziers' Union Local #27 Pension and Retirement Fund v. iRhythm*, No. 3:24-cv-706-JSC (N.D. Cal. filed Feb. 15, 2024) is unavailing. In its briefing in that case, iRhythm confusingly stated that it sought to seal "iRhythm's confidential *customer* information" despite referencing no customer information. No. 3:24-cv-706-JSC (N.D. Cal. filed Feb. 15, 2024 at Dkt. 38 at 2) (emphasis added). Additionally, the crux of iRhythm's argument was that *this* Court had locked the Government's Petition and was no longer publicly available. *Id.* at 3. In short, iRhythm used this Court's decision to lock the Government's Petition as precedent in the *Glazing* case and now turns around to use an order from that case as precedent to influence this Court.

**CONCLUSION**

For all the reasons stated above, the Government respectfully requests that the Court deny iRhythm's Administrative Motion to Seal the Government's Reply in Support of its Petition to Enforce Administrative Subpoena and Order to Show Cause.

DATED: April 8, 2025

Respectfully submitted,
AMANDA N. LISKAMM
Director, Consumer Protection Branch

_____
MAX J. GOLDMAN
Trial Attorney
Attorneys for Petitioner United States of America